# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FREDERICK J. CRAIG, JR.,**

    Petitioner,

v.

**CASE NO. 2:18-CV-360**
**Judge George C. Smith**
**Magistrate Judge Vascura**

**TIM BUCHANAN, WARDEN,**
**NOBLE CORRECTIONAL INSTITUTION,**

    Respondent.

## OPINION AND ORDER

Petitioner has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 3). This matter is before the Court on Respondent's *Motion to Dismiss* (ECF No. 10), and Petitioner's *Traverse* (ECF No. 11), which the Court construes as a *Memorandum in Opposition*, and the exhibits of the parties. For the reasons that follow, the *Motion to Dismiss* is **GRANTED**. This action is hereby **DISMISSED**.

## I.    FACTS & PROCEDURAL HISTORY

The state appellate court summarized the relevant facts and procedural history in *State v. Craig*, No. 15CA22, 2017 WL 2616900 (Ohio Ct. App., June 12, 2017 2017) ("*Craig I*"), and in *State v. Craig*, No. 17CA29, 2018 WL 1611760 (Ohio Ct. App., March 29, 2018) ("*Craig II*").

> Much of the factual history related herein is taken from the testimony at [Petitioner's] sentencing and set forth in the sentencing transcript. On March 11, 2015, 52–year–old Frederick J. Craig, Jr., . . . [Petitioner] was present at the home of his ex-wife, Julie Nott ("Ms. Nott"). The two had previously been married for nearly 25 years.[1] [Petitioner] had a history of alcohol and drug abuse. According to Ms. Nott and her family, the two had always had a turbulent relationship.
>
>    FN.1 [Petitioner's] and his ex-wife's divorce was finalized in January 2011.

. . . [Petitioner] and Ms. Nott had been sitting on the same couch. At some point, Ms. Nott began to feel uncomfortable and informed [Petitioner] he needed to leave. [Petitioner] walked into the kitchen, retrieved a knife, and stabbed his ex-wife three times in her stomach, chest, and side.² He also nearly amputated her thumb. A neighbor and friend, Kelly Sikorski, testified she arrived to discover Ms. Nott on the floor, bleeding, while [Petitioner] stood over her with, "a smirk on his face."

> FN.2 The officer responding to the scene described finding a broken knife with a black handle. Photographs of the knife were not transmitted in this appeal. We presume the knife was a butcher knife, as referenced in the sentencing transcript.

. . . Ms. Sikorski contacted 911 and [Petitioner] was soon after arrested at the scene. [Petitioner] had a ring belonging to Ms. Nott on his person. The knife he used to stab her was later found in a bag of dog food.³

> FN.3 Again, the testimony is not clear, but the transcript indicates the knife and the dog food were found in the kitchen.

*Craig I*, 2017 WL 2616900, at *1–3.

. . . On June 4, 2015, [Petitioner] entered a plea agreement and was subsequently convicted of attempted murder of Julie Nott. He was also convicted of two counts of felonious assault, two counts of aggravated robbery, two counts of aggravated burglary, tampering with evidence, and domestic violence all arising from the same domestic incident. On June 22, 2015, [Petitioner] was sentenced to a consecutive prison term for an aggregate total of 26 years in the state penal system.

. . . [Petitioner] appealed his sentence to this court and we found merit to two issues raised. We reversed the judgment of the trial court, in part, and remanded for a limited resentencing. *See Craig I* at ¶ 54. [Petitioner]'s resentencing occurred on July 24, 2017. On that date, the trial court sentenced him to consecutive sentences for an aggregate total of 16 years in the state penal system.

On August 24, 2017, [Petitioner] filed timely notice of appeal of the trial court's resentencing entry. On September 1, 2017, [Petitioner] also filed a motion to reopen his appeal pursuant to App.R. 26(B), asserting that his appellate counsel was ineffective because counsel should have raised two additional arguments within the initial appeal: (1) ineffective assistance of counsel throughout the trial court proceedings; and (2) deprivation of various constitutional rights which culminated in his pleading guilty to several of the counts contained in the indictment filed against him . . . [Petitioner] also appealed our decision in *Craig I* to the Supreme Court of Ohio.

> . . . On November 1, 2017, [Petitioner's] appeal to the Supreme Court was not accepted for review. *See State v. Craig,* 151 Ohio St.3d 1428, 2017–Ohio–8371, 84 N.E. 3d 1065 (Table).

*Craig II*, 2018 WL 1611760, at *1–2. On December 8, 2017, the state appellate court denied Petitioner's Rule 26(B) motion to reopen his appeal. (ECF No. 9, at PAGE ID # 320–329). Petitioner sought an appeal of that determination, but the Ohio Supreme Court declined to exercise jurisdiction over the matter on March 14, 2018. (ECF No. 9, at PAGE ID # 388). On March 29, 2018, the state appellate court affirmed the trial court's August 24, 2017, resentencing decision. *Craig II*, 2018 WL 1611760, at *1. Petitioner did not seek an appeal of that determination in the Ohio Supreme Court.

On April 16, 2018, Petitioner placed his petition in the prison mail system. (ECF No. 3, at PAGE ID # 53). In his sole ground for relief, he alleges that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise ineffective assistance of trial counsel claims on direct appeal. Petitioner more particularly alleges that his trial counsel rendered ineffective assistance because he advised[1] Petitioner to plead guilty to burglary and tampering with evidence when the state did not have evidence of every element of those offenses, and that appellate counsel was ineffective for failing to raise these errors on direct appeal. (*Id*., at PAGE ID # 43; ECF No. 11, at PAGE ID # 507, 508). Respondent asserts that Petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted. (ECF No. 10, at PAGE ID # 500–501). Petitioner does not deny that he failed to fully present this claim in the Ohio courts, but he contends that the actual innocence exception excuses his procedural default. (ECF No. 11, at PAGE ID # 513). The Court need not resolve the procedural default

---

[1] Petitioner states that his trial counsel coached him to plead guilty. (ECF No. 3, at PAGE ID # 43). The Court construes this *pro se* allegation liberally.

3

issue, however, because it is clear that Petitioner's ineffective assistance of appellate counsel claim lacks merit.[2] *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008), *as amended* (July 7, 2008) (quoting *Hudson v. Jones,* 351 F.3d 212, 216 (6th Cir. 2003) "'federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits,' especially where the procedural default issue is 'complicated' and 'is unnecessary to [the] disposition of the case.'")).

## II.  ANALYSIS

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial— i.e., counsel who acts as an advocate rather than merely as a friend of the court. *Penson v. Ohio*, 488 U.S. 75, 80–81 (1988); *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Anders v. California*, 386 U.S. 738, 740 (1967); *Douglas v. California*, 372 U.S. 353, 357 (1963). "Although appellate counsel has no obligation to raise every possible claim and the decision on which claims to raise is ordinarily entrusted to counsel's professional judgment, the failure of counsel to raise a meritorious issue can amount to

---

[2] The state appellate court determined that Petitioner's ineffective assistance of counsel claims were barred by res judicata, which can constitute an independent and adequate state ground that bars an Ohio petitioner seeking federal habeas review. (ECF No. 9, at PAGE ID # 320–329; *Craig II*, 2018 WL 1611760, at *1). When making that determination, the state appellate court indicated that Petitioner's ineffective assistance claim depended upon evidence that was both inside and outside the record, suggesting that it had concluded that claims were barred because they should have been brought in a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21. (ECF No. 9, at PAGE ID # 326). The decision, however, is not clear on this point. In addition, Petitioner did not seek a timely or delayed appeal of the state appellate court's March 29, 2018 decision affirming the trial court's July 24, 2017 resentencing decision. Accordingly, Petitioner may have failed to exhaust some of his claims to the Ohio Supreme Court. Although exhaustion can be waived or excused, in this case, where the exhaustion and procedural default issue are thorny, but the merits are clear, judicial economy militates in favor of making a merits determination.

constitutionally ineffective assistance." *Henness v. Bagley,* 644 F.3d 308, 317 (6th Cir. 2011) (citing *McFarland v. Yukins,* 356 F.3d 688, 710 (6th Cir. 2004)). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Id*. (citing *Wilson v. Parker,* 515 F.3d 682, 707 (6th Cir. 2008)).

Petitioner alleges that appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim. That claim is governed by the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish a claim of ineffective assistance under *Strickland*, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances that existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he suffers no prejudice. *Id.* at 691. In the context of a guilty plea, the United States Supreme Court has explained that the prejudice prong requires a showing that a reasonable probability exists that, but for counsel's errors, a defendant would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A.     **Aggravated Burglary**

Petitioner alleges that his trial counsel performed deficiently by advising him to plead guilty to aggravated burglary even though there was no evidence of one of the elements of that offense and that appellate counsel should have raised this claim on appeal. Specifically, Petitioner alleges that he pleaded guilty to aggravated burglary in violation of Ohio Revised Code § 2911.211(A)(1) and (2), which provides that:

> (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
>
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
>
> (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control;

Petitioner contends that there is no evidence that he used force, stealth, or deception to trespass in his ex-wife's house because she invited him into her house before he stabbed her. (ECF No. 11, at PAGE ID #508).

Trespass is an essential element of burglary under Ohio law. Ohio's criminal trespassing statute provides, in relevant part, that "[n]o person without privilege to do so, shall . . . Knowingly enter or *remain* on the land or premises of another." Ohio Rev. Code § 2911.21(A)(1) (emphasis added). Privilege thus distinguishes lawful presence from unlawful trespass—it is defined as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." Ohio Rev. Code § 2901.12(A)(12).

Under Ohio law, a privilege, once granted, can be revoked. *See State v. Steffen*, 31 Ohio St. 3d 111, 115 (Ohio 1987). For that reason, under Ohio law, a person who enters a home with permission becomes a trespasser, subject to conviction for aggravated burglary, if he assaults the victim after gaining entry. *See Saxon v. Sheets*, No. 07–3706, 547 F.3d 597, 606 (6th Cir. 2008) (citing *State v. Steffen*, 31 Ohio St. 3d 111, 114–15 (Ohio 1987) (explaining that even if a defendant had been admitted into a home, his privilege to remain there ended when he began to strangle the victim and at that point he was committing trespass under Ohio law)). In *State v. Steffen*, the Ohio Supreme Court upheld a defendant's aggravated burglary conviction. *Id*. at 115. There, the defendant was selling cleaning products door-to-door when the victim allowed him to enter her parents' home to demonstrate his wares. *Id*. at 112. The defendant then assaulted, raped, and killed the victim. *Id*. at 115. The defendant argued that the trial court erred by instructing the jury that a person who lawfully enters a premises becomes a trespasser by virtue of committing a felony on the premises. *Id.* at 114. The Ohio Supreme Court held, however, that the defendant's privilege to remain in the home as an invitee was impliedly revoked when he began to assault the victim. *Id*. at 115. In reaching that conclusion, the Ohio Supreme Court emphasized the inviolability of private homes and distinguished felonies committed against persons from felonies committed against properties. *Id*.; *see also State v. Lilly*, 87 Ohio St. 3d 97, 102 (Ohio 1999) (noting that the primary purpose of burglary laws is to protect the occupants of dwellings). The Ohio Supreme Court also noted that Ohio Rev. Code § 2911.21(A)(1), makes it unlawful to enter or *remain* on another's property without the privilege to do so. *Id.*

Petitioner claims that he was invited into his ex-wife's house. Assuming *arguendo* an initial lawful entry, under Ohio law, Petitioner's privilege to remain terminated when he engaged

in conduct that constituted a felony—stabbing his ex-wife three times with a knife he took from her kitchen. For that reason, his contention that he did not commit a trespass because he was initially invited inside the house is without merit. *See Steffen*, 31 Ohio St. 3d at 114–15. *See also State v. Perry*, No. 26421, 2015 WL 3540677, at *7–8 (Ohio Ct. App. June 5, 2015) (affirming conviction for aggravated burglary because even though defendant was initially permitted to be in the victim's home, he thereafter trespassed by assaulting the victim who also told him to leave); *State v. Murray*, No. 2003-L-045, 2005 WL 820540, at *8 (Ohio Ct. App. Apr. 8, 2005) (affirming a conviction for aggravated burglary because "even if appellant had valid permission to enter, such permission was implicitly revoked upon his act of violence against the victim"). Petitioner cites no Ohio authority to the contrary.

Because Petitioner's argument relative to Ohio trespass and burglary law is without merit, he cannot establish either prong of the *Strickland* standard. Indeed, Petitioner's entire ineffective assistance claim is predicated upon a mistaken belief that appellate counsel was ineffective for failing to raise a meritless argument related to the elements of Ohio's trespass and burglary laws. Appellate counsel does not, however, render ineffective assistance by failing to raise a meritless claim. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (finding that appellate counsel was not ineffective for failing to raise a patently frivolous argument); *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 1998) (failing to raise a meritless claim on appeal is not prejudicial under *Strickland*).

**B.     Tampering**

Petitioner also alleges that trial counsel rendered ineffective assistance by advising him to plead guilty to tampering with evidence even though there was no evidence of one of the

8

elements of that offense and that appellate counsel should have raised this claim on appeal. This claim is also without merit.

> Ohio Revised Code § 2921.12(A)(1) provides, in relevant part, as follows:
>
> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation .
> . . .

In the state courts,[3] Petitioner alleged that there was no evidence that he concealed the knife he used to stab his ex-wife because he told police where it was located. (ECF No. 9, at PAGE ID # 326–27.) Under Ohio law, however, a defendant is not required to conceal evidence in order to be convicted. Instead, the statute is worded in the alternative so that a defendant may be convicted if he alters, destroys, conceals, or *removes* evidence with the purpose of impairing its evidentiary value or availability. *See State v. Rock*, No. 13–13–38, 2014 WL 1692470, at *4 (Ohio Ct. App. April 28, 2014) (quoting *State v. Straley,* No. 2012–CA–34, 2013 WL 596538, at *2 (Ct. App. Feb. 15, 2013) (explaining that for purposes of Ohio Revised Code § 2921.12(A)(1), "[a] defendant's act of removing contraband from his or her person can constitute concealment or removal if done to avoid discovery")). Purpose is generally shown with circumstantial evidence. *State v. Jackson*, No. C–140178, 2014 WL 5840043, at *3 (Ohio C. App. Nov. 12, 2014) (citing *State v. Rose*, No. 382, 1980 WL 352394, at *4 (Ohio Ct. App. Aug. 27, 1980)).

---

[3] Although Respondent moved to dismiss Petitioner's ineffective assistance of counsel claims that are related to both the burglary and tampering offenses, Petitioner only discusses the burglary offense in his Response in Opposition to the Motion to Dismiss in any detail. (ECF No. 11).

9

The record reveals that after Petitioner stabbed his ex-wife, a neighbor who arrived discovered Petitioner and the victim and called 911. (ECF No. 9–2, at PAGE ID # 423–25, 429). Petitioner initially indicated to police that the knife that he had used in the stabbing was in a trash can but then indicated that it was located in a bag of dog food that belonged to the victim. (*Id*., at PAGE ID # 434). After looking in a bag of dog food, police found a knife that the victim identified as the one that Petitioner had used to stab her. (*Id*. at PAGE ID # 434–35, 415–418). The knife in the bag was broken. (*Id*. at PAGE ID # 434–35).

The record thus contains evidence that Petitioner removed the knife from his person. The record also contains circumstantial evidence that it was removed from Petitioner's person in order to impair its availability—Petitioner initially, and erroneously, indicated that it was in a trash can. Moreover, the knife was broken. Although a jury might have concluded that this circumstantial evidence fell short of showing that Petitioner removed the knife from his person with the purpose of preventing its discovery, the record is not bereft of any such circumstantial evidence.

Moreover, when evaluating the performance of appellate counsel, it is well settled that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Powell v. Berghuis*, 560 F. App'x. 442, 452 (6th Cir. 2013) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes,* 463 U.S. 745, 752–53 (1983))). Generally, the presumption of effective assistance of counsel will not be overcome unless the ignored issues are clearly stronger than those presented on appeal. *Smith*, 528 U.S. at 288. Further, to demonstrate prejudice in this context, a petitioner must show a reasonable probability that his claims would have succeeded on appeal. *Id.* at 285–86. As noted, *supra*, appellate counsel successfully raised

10

two assignments of error that resulted in the matter being remanded for resentencing.[4] In light of the apparent strength of those claims and the weakness of this one, Petitioner cannot show that appellate counsel erred by failing to raise this issue on appeal.

### III.     CONCLUSION

For all of the forgoing, Respondent's *Motion to Dismiss* (ECF No. 10) is **GRANTED**. Petitioner's petition for a writ of habeas corpus under is **DENIED**.  This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider if it will issue a Certificate of Appealability ("COA"). A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA.  28 U.S.C. § 2253(c).  When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim

---

[4] Those assignments or error were related to the trial court's failure to merge certain offenses for purposes pf sentencing. *Craig I*, 2017 WL 2616900, at *1–3.

11

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, the Court is not convinced that jurists of reason could debate whether the Court's analysis is correct—Petitioner cannot establish that he received ineffective assistance of appellate counsel for failing to raise an ineffective assistance of trial counsel claim. The Court, therefore, **DECLINES** to issue a **COA**. The Court further **CERTIFIES** that any appeal would be objectively frivolous.

      **IT IS SO ORDERED.**

    *s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**